## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JACK GOLDMAN, | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| TRINITY MEDICALSCIENCES | ) | |
| UNIVERSITY UNLTD LTD. | ) | JURY TRIAL DEMAND |
| through its Board of Trustees; DOE | ) | |
| DEFENDANTS 1-20, in their individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JACK GOLDMAN, by and through his attorneys, The Law Office of Keith Altman, to file his Complaint against Defendants, TRINITY MEDICAL SCIENCES UNIVERSITY UNLTD LTD., through its Board of Trustees; DOE Defendants, 1-20, in their official and individual capacities, hereby states the following:

## I.    INTRODUCTION

This is an action arising from Defendants' violations of deceptive and unfair trade practices, breach of duty of good faith and fair dealing and breach of contract.

## II.    JURISDICTION & VENUE

1. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because there is diversity of citizenship between the parties and the amount of controversy exceeds 75,000.

2. Plaintiff is a resident and citizen of the State of Maryland.

3. Defendant Trinity Medical Sciences University Unltd. Ltd ("Trinity" or "Trinity Medical School") conducts business in the State of Georgia.

4. The other Defendants on the grounds that they were employees of Trinity at all times relevant to this action and personally violated certain rights and policies, the effects of which were felt in the State of Georgia.

5. Venue in this action is properly in the Northern District of Georgia because the events relevant to this action occurred primarily within the geographical confines of the Northern District of Georgia.

### III.    PARTIES

6. Plaintiff Jack Goldman ("Plaintiff") was a medical student at Trinity Medical Sciences University Unltd. Ltd. at all times relevant to this litigation. Plaintiff is a citizen of the State of Maryland.

7. Trinity Medical Sciences University Unltd. Ltd. ("Trinity" also known as "Trinity Medical School") is a private off shore medical school corporation whose Office of Admissions & Administration is located in the State of Georgia and offers degrees in the United States.  It may be served through its registered agent, Hall

Booth Smith, P.C., located at 191 Peachtree Street, Suite 2900, Atlanta, Georgia 30303.

8. Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant Trinity that caused harm to the Plaintiff subject of this lawsuit. At this time, their names and whereabouts are unknown.

## IV.    FACTUAL ALLEGATIONS

9. Plaintiff was a medical student at Trinity at all times relevant to this litigation.

10. Plaintiff was previously a citizen of the State of New York.

11. Trinity pursued Plaintiff via digital marketing in which Plaintiff's medical test scores, student loans and finances were used to identify Plaintiff as a potential consumer.

12. In April 2016, Trinity staff traveled to the State of New York to recruit Plaintiff to attend Trinity.

13. During the meeting, Plaintiff advised the Trinity administrator that he was seeking a medical school that would provide residency opportunities in the State of New York as that is where he intended to practice medicine after graduation.

14. The administrator provided affirmative assurance to Plaintiff that residencies in the State of New York were available for students of Trinity.

15. Plaintiff disclosed to the administrator that he would need disability accommodations from Trinity to be successful.

16. On August 19, 2016, Plaintiff received a letter from Trinity that disability accommodations have been granted in all assessments.

17. Plaintiff was offered a scholarship because of his Medical College Admission Test scores.

18. Plaintiff ultimately chose to attend Trinity to pursue a Doctor of Medicine degree due to the assurances provided and was admitted for the Fall 2016 semester with disability accommodations in place.

19. Plaintiff's anticipated graduation date was Spring 2020.

20. Plaintiff successfully finished first half of medical school semesters at Trinity's St. Vincent campus.

21. Previously, students were required to pass two sequential examinations before progressing to the clinical science phase of the degree program.

22. Trinity repealed the requirement to pass the two sequential examinations on January 9, 2019.

23. Trinity then advised Plaintiff to pursue two, then optional, examinations before progressing to the clinical science phase of the degree program.

24. The advisement halted Plaintiff from pursuing the clinical science phase of his education.

25. Without notice, Trinity reinstated the policy on May 2, 2020.

26. The reinstatement halted Plaintiff from pursuing the clinical science phase of his education.

27. Plaintiff moved to the State of Georgia from the State of New York as Trinity required students to live in Georgia during clinical semesters.

28. As a result of pursuing the clinical science phase of his education, in 2020 Plaintiff became aware of his inability to attend medical residencies in the State of New York.

29. Trinity admissions specialist affirmatively stated to Plaintiff in 2016, during the recruitment stage, that residency in New York could be provided should he choose to pursue his education with Trinity.

30. Trinity failed to notify Plaintiff that Trinity students are not eligible for residency in the State of New York due to New York practice eligibility rules.

31. Trinity has a practice of not informing students of the inability to obtain a residency in New York until they are in their 3rd or 4th year at Trinity.

32. Trinity's false statements attracted Plaintiff to attend Trinity.

33. With prior knowledge, Trinity had no intention or ability to provide Plaintiff with a medical residency in the State of New York.

34. Plaintiff began preparing for the National Board of Medical Examiners ("NBME") exam in 2019.

35. In order to be successful in the NBME exam, Plaintiff sought disability accommodations for the exam.

36. To be approved for accommodations for the NBME, Plaintiff was required to have his medical school, Trinity, provide documentation of his current accommodations to the NBME board.

37. The school said that providing documentation for the application accommodations for the NBME exam was out of their purview.

38. Trinity failed to provide the NBME with the documentation required for Plaintiff's accommodations needed to sit for the NBME examination.

39. Plaintiff was denied accommodations as he had not secured the required documentation from Trinity.

40. Trinity advised Plaintiff to appeal the denial of accommodations.

41. Plaintiff submitted an appeal which was again denied in Spring 2020.

42. From Summer 2019 to Spring 2020 Plaintiff resided in Georgia awaiting for a clinical position.

43. During this time, Plaintiff was not attending classes at Trinity as he was in a waiting period.

44. Trinity charged Plaintiff for semesters tuition while he was not registered for classes.

45. Trinity charged Plaintiff for approximately ten semesters in which he was not taking classes with Trinity.

46. Trinity required Plaintiff to take out loans to pay for more semesters as he was required to be an active student to be eligible for the NBME examination.

47. Trinity informed Plaintiff, only after Plaintiff reached out to the Financial Department, that charging students while they proceed to the NBME examination was standard procedure.

48. When Plaintiff enrolled in 2019, students had an option to proceed to clinical education and then pursue the NBME examinations.

49. Inability to sit for the NBME examination during a certain period of time, whether or not due to deficient administrative protocol in disability accommodation procedures, did not hinder further education.

50. Plaintiff sought guidance from Trinity regarding any route available for Plaintiff to progress in his medical education.

51. As a result of Trinity's misleading statements, Plaintiff attended Trinity for his medical education resulting in immense financial injury to the Plaintiff.

**Respondeat Superior and Agency**

52. Plaintiffs restate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

53. Under Federal and Georgia law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

54. At all times relevant to this action, all individual Defendants were employed by Trinity. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with Trinity.

55. At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V. CAUSES OF ACTION

### COUNT I – VIOLATION OF GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT
### GA. CODE ANN. § 10-1-370, ET SEQ.

56. Plaintiff incorporates by reference all the preceding paragraphs in this complaint.

57. Defendant, a Georgia domiciliary and the Plaintiff are "persons" within the meaning of Georgia Uniform Deceptive Trade Practices Act ("Georgia UDTPA"), Ga. Code Ann. §10-1-371(5).

58. The acts and practices alleged herein are deceptive and were carried out in the conduct of Defendants' business. The use of knowingly false statements regarding residency availability in the State of New York were deceptive and enticed Plaintiff into conducting business with Defendant Trinity.

59. Had Defendants advised Plaintiff of the inability of Trinity students to obtain residency placement in the State of New York as a result of New York regulations, Plaintiff would not have conducted business with Defendant Trinity in choosing to attend their medical school.

60. The Georgia UDTPA prohibits "deceptive trade practices," which include the "misrepresentation of standard or quality of goods or services," and "engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Ga. Code Ann. § 10-1-372(a).

61. In the course of its business, Defendants willfully failed to disclose and actively concealed its medical program limitations as discussed herein and otherwise engaged in activities with a tendency or capacity to deceive. Defendants also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of material facts with intent that others rely upon such concealment, suppression, or omission, in connection with Defendants marketing schemes and tactics.

62. Defendants knew of the truthfulness of its marketing campaigns directed towards Plaintiff, but it concealed all of that information. Defendants were also aware that it valued profits over the real value of student education and training. Defendants concealed this information as well.

63. By way of the foregoing, Defendants engaged in deceptive business practices in violation of the Georgia UDTPA.

64. Defendants also engaged in deceptive acts and practices in at least the following ways:

    a.  Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that it was able to provide Plaintiff with a residency placement in the State of New York.

    b.  Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that it did and would comply with the requirements for Plaintiff to obtain a New York residency placement;

    c.  Defendants misrepresented material facts (intending for other to rely upon the misrepresentations) to Plaintiff by representing that tuition was required and due for time in which Plaintiff was not enrolled in any classes to which tuition would be required.

65. Defendants omitted, suppressed, and concealed the material fact of the inadequacy of the residency placement program at Trinity, with the intent that others rely on the omission, suppression, and concealment.

66. Defendants unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the Plaintiff, regarding the eligibility and licensing requirements of Defendants programs in New York.

67. Defendants intentionally and knowingly misrepresented such material facts with an intent to mislead the Plaintiff.

68. Defendants knew or should have known that its conduct violated the Georgia UDTPA.

69. Defendants made material statements that were either false or misleading.

70. Defendants owed the Plaintiff a duty to disclose the true facts regarding eligibility and licensing requirements of Defendants programs in New York because Defendants:

    a.  Possessed exclusive knowledge that it valued profits over truthfulness in marketing and sales;

    b.  Possessed exclusive knowledge that it lacked the state licensing requirements to provide any of its students, including Plaintiff, with a residency placement in the State of New York;

    c.  Intentionally concealed the foregoing from the Plaintiff; and/or

d. Made incomplete representations regarding these matters while purposefully withholding material facts from Plaintiff that contradicted these representations.

71. Defendants' representations and omissions were material to Plaintiffs choice to pursue his medical education with Defendant Trinity.

72. Plaintiff suffered ascertainable loss caused by Defendants' misrepresentations and its concealment of and failure to disclose material information as alleged herein.

73. Defendants had an ongoing duty to all Trinity students and potential students to which Defendants were actively marketing to and recruiting to their programs to refrain from unfair and deceptive practices under the Georgia UDTPA.

74. Defendants' violations present a continuing risk to Plaintiff, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

75. As a result of Defendants' actions, Plaintiff incurred damages, including the inability to practice medicine in the State of New York.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss and punitive damages in amounts to be determined at trial and as are allowed under the statute; .

(b)    Enter judgment against Defendants and in favor of Plaintiff for an order enjoining Defendants unfair, unlawful, and/or deceptive practices;

(c)    Enter judgment against Defendants and in favor of Plaintiffs for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(d)    Grant such other and further relief as justice requires under Georgia UDTPA per Ga. Code Ann. § 10-1-373.

## COUNT II – BREACH OF CONTRACT

76. Plaintiffs incorporate by reference all the preceding paragraphs in this complaint.

77. Plaintiff entered into a contract with Trinity in which Trinity offered admission to Plaintiff on specific terms.

78. Plaintiff accepted Defendants' offer and attended Trinity as a medical student.

79. There was a mutual exchange of consideration for which Plaintiff attended Trinity involving payments and expenditure of time as well as Trinity making its services including educational opportunities available to Plaintiff.

80. Defendants breached their contract when they charged Plaintiff for courses in which he was not registered.

81. As a direct and proximate result of Defendant's actions, Plaintiff sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)     Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)     Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting Defendants wrongful conduct;

(c)     Enter judgment against Defendants and in favor of Plaintiff for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(d)     Grant such other and further relief as justice requires.

## COUNT III – INTENTIONAL MISREPRESENTATION

82. Plaintiff incorporate by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

83. Defendants made representations to the Plaintiff that they would educate the Plaintiff and provide Plaintiff with the opportunity for residency placement in the State of New York.

84. Defendants made intentionally false representations, including but not limited to:

    a. Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that it was able to provide Plaintiff with a residency placement in the State of New York.

    b. Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that it did and would comply with the requirements for Plaintiff to obtain a New York residency placement;

    c. Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that tuition was required and due for time in which Plaintiff was not enrolled in any classes to which tuition would be required.

85. Defendants intentionally made false representations to the Plaintiff over the course of the application and interview process, Plaintiff enrolled with Trinity that Trinity had the ability to provide Plaintiff with a residency placement in the State of New York.

86. These representations of the Defendants were false.

87. Defendants knew that the representations were false when it made them or made the representations recklessly and without regard for the truth.

88. Plaintiff reasonably relied on the representations.

89. When informed of the actions and inactions of Trinity, Defendants ratified those actions and informed Plaintiff that the actions of Trinity were in line with their previously made representations.

90. As a direct and proximate result of Defendants' actions, Plaintiff sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against the Defendants and in favor of Plaintiff for actual damages for financial loss;

(b)    Enter judgment against the Defendants and in favor of Plaintiff for punitive and exemplary damages;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action and defense of the lawsuit brought in violation of the contract, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

**COUNT V – NEGLIGENT MISREPRESENTATION**

91. Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

92. Defendants made representations to the Plaintiff that:

a) Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that it was able to provide Plaintiff with a residency placement in the State of New York.

b) Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that it did and would comply with the requirements for Plaintiff to obtain a New York residency placement;

c) Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that tuition was required and due for time in which Plaintiff was not enrolled in any classes to which tuition would be required.

93. Defendants may have honestly believed that the representations were true, however, Trinity had no reasonable grounds for believing the representations were true when they were made.

94. Defendants intended for the Plaintiff to rely on the representations and enroll in their medical school program.

95. Plaintiff reasonably relied on the representations, which were reiterated to Plaintiff on multiple occasions throughout their application and interview process with Trinity.

96. Defendants and its agent's representations were not true.

97. When informed of Trinity's inability to provide Plaintiff with a residency placement in the State of New York, Plaintiff had already expended hundreds of thousands of dollars and years of his life contracted with Trinity.

98. Defendants and its agents doubled down and stated that they never made the representation that Plaintiff would be able to obtain a residency placement in the State of New York.

99. Plaintiff's reliance on the Defendants' representations was a substantial factor in causing the harm. But for the representations made by the Defendants, Plaintiff would never have enrolled at Trinity.

100. As a direct and proximate result of Defendants' actions, Plaintiff sustained and continue to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against the Defendants and in favor of Plaintiff for actual damages for financial loss;

(b)    Enter judgment against the Defendants and in favor of Plaintiff for punitive and exemplary damages;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action and defense of the lawsuit brought in violation of the contract, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## COUNT VI – SILENT FRAUD

101. Plaintiff incorporates by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

102. Defendants intentionally failed to disclose material facts to Plaintiff, including but are not limited to the following:

a.    Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that it was able to provide Plaintiff with a residency placement in the State of New York.

b.    Defendants misrepresented material facts (intending for others to rely upon the misrepresentations) to Plaintiff by representing that it did and would comply with the requirements for Plaintiff to obtain a New York residency placement;

c.    Defendants misrepresented material facts (intending for others to rely

upon the misrepresentations) to Plaintiff by representing that tuition was required and due for time in which Plaintiff was not enrolled in any classes to which tuition would be required.

103. Plaintiff was unaware of the facts that the Defendants concealed from him.

104. When the Defendants omitted these material facts, it did so with the intention to deceive, defraud and induce Plaintiff into acting in reliance on the representations Defendants had made to Plaintiff and to induce Plaintiff to refrain from investigating further.

105. Had the Defendants disclosed the omitted facts, Plaintiff would have acted differently.

106. When informed of the actions and inactions of Trinity, Defendants ratified those actions and informed Plaintiff that the actions of Trinity were in line with their previously made representations.

107. As a direct and proximate result of Defendants' actions, Plaintiff sustained and continues to sustain injuries and damages.

108. Defendants' concealment was a substantial factor in causing Plaintiff's harm. But for Defendants' concealment, Plaintiff would never have enrolled in Trinity's medical program.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)    Enter judgment against the Defendants and in favor of Plaintiff for actual damages for financial loss;

(b)    Enter judgment against the Defendants and in favor of Plaintiff for punitive and exemplary damages;

(c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action and defense of the lawsuit brought in violation of the contract, including attorneys' fees; and

(d)    Grant such other and further relief as justice requires.

## VI.    JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: June 4, 2025                    Respectfully Submitted,

                                                  */s/ Keith Altman*
                                                  Keith Altman, Esq. (*pro hac vice to be applied for*)

THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

*/s/ Seth R. Eisenberg*
**SETH R. EISENBERG**
Georgia Bar No. 112078
Local Counsel for Plaintiff

**THE EISENBERG FIRM, LLC**
1028 Edgewood Ave. NE
Atlanta, Georgia 30307
Phone:      404-890-7077
Fax:   404-890-7076
seth@eisenbergfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

This document was created using 14-point Times New Roman and complies

with the typeface and format requirements of N.D.L.R. 5.1.

*/s/      Seth R. Eisenberg*
**SETH R. EISENBERG**
Georgia Bar No. 112078
Local Counsel for Plaintiff

**THE EISENBERG FIRM, LLC**
1028 Edgewood Avenue NE
Atlanta, Georgia 30307
Phone: 404-890-7077
Fax: 404-890-7076
seth@eisenbergfirm.com